[Cite as *Stanley v. Ohio State Univ.*, 2015-Ohio-5555.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

R. PETER STANLEY

      Plaintiff

      v.

THE OHIO STATE UNIVERSITY

      Defendant

Case No. 2013-00388

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On September 30, 2014, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 7, 2014, with leave of court, plaintiff filed a response. The motion for summary judgment is now before the court for a non-oral hearing. L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} Plaintiff's claims arise from his employment with defendant The Ohio State University (OSU) as a maintenance worker for the College of Dentistry. In late July 2012, maintenance staff reported to Joe Pennington, a maintenance supervisor, that plaintiff's behavior had been "very erratic." Pennington learned that plaintiff had been observed staggering and he appeared drunk. On August 24, 2012, one of plaintiff's co-workers told Pennington that he had discovered a bottle in the freezer of the staff refrigerator, that he believed the bottle belonged to plaintiff, and that the contents of the bottle smelled like alcohol. Pennington inspected the bottle and, later that afternoon, he observed plaintiff put something back in the freezer and walk away with a cup containing clear liquid. Pennington called Scott Burlingame, a human resources representative, and then confronted plaintiff. After first denying that he had been drinking alcohol, plaintiff admitted he had been drinking alcohol at work; however, he refused to submit to a drug and alcohol screening test. Plaintiff related that he had an appointment with a counselor immediately after work.

{¶5} Plaintiff was placed on administrative leave and a corrective action hearing was held, which resulted in plaintiff being removed from his position, effective October 11, 2012, pursuant to defendant's Drug-Free Workplace policy. OSU's Drug-Free Workplace policy bans the "unauthorized use of alcohol by university employees on university premises," and it bans employees from "working under the influence of alcohol." (Exhibit A, Affidavit of David Simpson.) Plaintiff's removal was subject to a collective bargaining agreement (CBA); however, upon review of plaintiff's pre-arbitration referral, plaintiff's union notified him that it had decided not to advance the matter through the arbitration process based upon consideration of, among other things, the probability of winning the case. (Plaintiff's Exhibit 1.)

{¶6} In his complaint, plaintiff alleges wrongful termination, disability discrimination and invasion of privacy.[1] Defendant contends that the court does not have jurisdiction to consider plaintiff's claims inasmuch as those claims are subject to the CBA.

**COLLECTIVE BARGAINING AGREEMENT**

{¶7} R.C. Chapter 4117 establishes a framework for resolving public sector labor disputes by creating procedures and remedies to enforce those rights. A CBA between a public employer and the bargaining unit "controls all matters related to the terms and conditions of employment and, further, when the collective bargaining agreement provides for binding arbitration, R.C. 4117.10(A) recognizes that arbitration provides the exclusive remedy for violations of an employee's employment rights." *Gudin v. Western Reserve Psychiatric Hosp.*, 10th Dist. Franklin No. 00AP-912 (June 14, 2001).

{¶8} The CBA at issue contains a detailed grievance procedure culminating in final and binding arbitration of complaints or disputes between defendant and union members. (CBA Article 10.5). In his complaint, plaintiff acknowledges that he has "exhausted his administrative remedies through the collective bargaining process." (Complaint, ¶ 21.)

{¶9} Inasmuch as plaintiff's employment was subject to a CBA, R.C. 4117.09(B)(1) specifically creates a right of action over such claims and limits the jurisdiction over those claims to the common pleas courts. *Id.* Accordingly, this court has no jurisdiction to decide matters that are subject solely to a final and binding

---

[1] In his response to defendant's motion for summary judgment, plaintiff states that he is no longer alleging invasion of privacy. Therefore, that claim is dismissed.

grievance procedure. *Crable v. Ohio Dept. of Youth Servs.*, 2010-Ohio-788, ¶ 12 (10th Dist.).

**DISABILITY DISCRIMINATION**

{¶10} "There are several theories upon which a plaintiff may base [his] disability discrimination claims, including; (1) disparate treatment, or intentional discrimination; (2) disparate impact; (3) failure to permit reasonable modifications, and (4) failure to make reasonable accommodations." *Reid v. Plainsboro Partners, III*, 2010-Ohio-4373, ¶ 43 (10th Dist.). Plaintiff alleges both disparate treatment and that OSU failed to offer a reasonable accommodation for his alcoholism.

{¶11} To establish a prima facie case of disability discrimination pursuant to R.C. 4112.02, plaintiff must demonstrate: "(1) that he or she was disabled; (2) that an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and; (3) that the person, though disabled, can safely and substantially perform the essential functions of the job in question." *Yamamoto v. Midwest Screw Products*, Lake App. No. 2000-L-200, 2002-Ohio-3362, citing *Hazlett v. Martin Chevrolet, Inc.*, 25 Ohio St.3d 279, 281 (1986).

{¶12} Absent direct evidence, an employee can prove disability discrimination circumstantially, using the method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If plaintiff establishes a prima facie case, the burden of production shifts to defendant to "articulate some legitimate, nondiscriminatory reason for [its action]." *Id*, at 802. If defendant succeeds in doing so, then the burden shifts back to plaintiff to demonstrate that defendant's proffered reason was not the true reason for the employment decision. *Id*.

{¶13} With regard to plaintiff's alleged disability, plaintiff relates that he has been diagnosed with PTSD, depression, anxiety, and dissociative disorder; however, he contends that OSU discriminated against him based upon alcoholism.

{¶14} Federal and state disability discrimination claims, whether brought under the Americans with Disabilities Act, 42 U.S.C. 12112 et seq. (ADA) or Ohio's anti discrimination statute, R.C. 4112, are subject to the same evidentiary standards and may be evaluated concurrently. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 201 (6th Cir. 2010). In order to establish a claim for disability discrimination, the plaintiff must first establish that he is "disabled" within the meaning of the ADA. *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir. 1997). The Americans With Disabilities Act Amendments Act of 2008 (ADAAA) applies in cases where the alleged discriminatory acts occurred after January 1, 2009. *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 566 67 (6th Cir. 2009).

{¶15} Under the ADAAA, "disability" means:

{¶16} "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

{¶17} "(B) a record of such an impairment; or

{¶18} "(C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. 12102(1).

{¶19} Although plaintiff contends that defendant knew that his alcoholism was related to his underlying mental health issues, as reported by his treating psychologist after the incident, plaintiff's testimony shows that his alcohol use did not substantially interfere with his major life activities. Plaintiff testified that he continued to perform his work adequately while he was drinking, and that he received good evaluations during the period of time he drank alcohol at work. (Deposition, page 44.) Plaintiff related that the only impact drinking alcohol had on his personal life was that it "would slow [him] down at the end of the day" and that he would not have as much energy in the evening. (Deposition, page 45.) Plaintiff testified that, up through the time that he was confronted for drinking at work, he did not believe he was an alcoholic. (Deposition, page 45.)

**{¶20}** Based on plaintiff's testimony, the only reasonable conclusion that can be drawn from the undisputed evidence is that plaintiff's alleged alcoholism does not constitute a disability under the ADAAA.   The evidence presented does not support an inference that plaintiff was removed from his position, at least in part, because of the alleged disability.   Plaintiff testified that he did not tell anyone at work that he was an alcoholic, nor had he been diagnosed as such prior to August 24, 2012.   Therefore, plaintiff failed to demonstrate a genuine issue of material fact with regard to a prima facie case of disability discrimination.

**{¶21}** Even if plaintiff's alcoholism were a disability, he was terminated for drinking at work in violation of OSU's policy, rather than for alcoholism or a mental disability.   The U.S. 6th Circuit Court of Appeals has noted that "there is a distinction between taking an adverse job action for unacceptable misconduct and taking such action solely because of a disability, even if the misconduct is 'caused' by the disability." *Martin v. Barnesville Exempted Village School Dist. Bd. Of Educ.*, 209 F.3d 931, 934-935 (6th Cir. 2000), citing *Maddox v. University of Tennessee*, 62 F.3d 843, 847 (6th Cir. 1995).   "The ADA specifically provides that an employer may hold an alcoholic employee to the same performance and behavior standards to which the employer holds other employees 'even if any unsatisfactory performance is related to the alcoholism of such employee,' thereby clearly distinguishing the issue of misconduct from one's status as an alcoholic.   42 U.S.C. § 12114(c)(4)."   *Id.*   "The ADA does not protect plaintiff from his own bad judgment in drinking on the job."   *Id.*

**{¶22}** Defendant submitted the affidavit of David Simpson, the Labor Relations Manager in OSU's Office of Human Resources.   Simpson avers that OSU's Drug-Free Workplace policy bans the "unauthorized use of alcohol by employees on university premises" and that drinking by employees during their work hours is unauthorized. (Simpson affidavit, Exhibit A.)   Plaintiff admitted both that he had been drinking vodka during working hours on August 24, 2012 and that prior to the date in question, he

would take "breaks" during work to drink a couple of beers at nearby pubs or bars. (Plaintiff's Deposition, pages 38-39.) Based upon plaintiff's testimony, the court finds that defendant had a legitimate, non-discriminatory reason to remove plaintiff from his position. Furthermore, plaintiff has not presented any evidence which supports an inference that the legitimate reasons offered by OSU were not its true reasons, but were a pretext for discrimination. Therefore, defendant is entitled to judgment as a matter of law on plaintiff's claim that defendant failed to make reasonable accommodations for his alleged disability.

**DISPARATE TREATMENT**

{¶23} "At its most basic level, a disparate treatment claim alleges that an individual is being treated differently than others." *Reid, supra*, at ¶ 45 (10th Dist.), citing *Teamsters v. United States*, 431 U.S. 324, 335-36 (1977). "As a result, an aggrieved plaintiff must demonstrate that [he] was treated differently than similarly situated individuals who do not have disabilities." *Id.*

{¶24} Plaintiff contends that OSU failed to discipline a co-worker, Ernie White, after OSU received a report that staff had smelled the odor of alcohol on White. White's deposition and the evidence attached thereto shows that White was confronted about those allegations and he received a warning letter on February 11, 2011. As noted above, prior to August 24, 2012, OSU had received reports that plaintiff had smelled of alcohol during working hours. However, plaintiff was not confronted and placed on administrative leave until he was observed with alcohol and admitted that he had been drinking at work. More significantly, plaintiff refused to submit to a drug and alcohol screening test.

{¶25} The undisputed evidence demonstrates that plaintiff and White were not similarly situated in the relative severity of their violations of OSU's Drug-Free Workplace policy. Moreover, OSU demonstrated that plaintiff cannot satisfy his initial

burden of establishing a prima facie case of disability discrimination. Plaintiff has not reciprocally demonstrated that a genuine issue exists for trial on that issue. Therefore, defendant is entitled to judgment as a matter of law on plaintiff's disparate treatment claim.

{¶26} For the foregoing reasons, and construing the facts most strongly in plaintiff's favor, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to summary judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties, notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Daniel H. Klos                          Randall W. Knutti
4591 Indianola Avenue                   Assistant Attorney General
Columbus, Ohio 43214                    150 East Gay Street, 18th Floor
                                        Columbus, Ohio 43215-3130

**Filed January 6, 2015**
**Sent To S.C. Reporter 12/31/15**